

FILED
FEBRUARY 12, 2010
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES L. HESS, PRO SE, | § | |
| POTTER COUNTY ID No. 77900, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0176 |
| | § | |
| Sheriff MIKE SHOEMAKE, | § | |
| Lt. NFN TURNVILLE, Mr. NFN PEREZ, and | § | |
| OFFICERS, | § | |
| | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff CHARLES L. HESS, acting pro se and while detained in the Potter County Detention Center, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges that on October 26, 2007, some person or persons were riding one or more motorcycles up and down the hallway of the jail in front of his cell. Plaintiff complains he coughed and smelled the "carbon denoxide" from the motorcycles and had no way of defending himself from the possibility of a crash and a resulting fire.

Plaintiff requests compensation for his suffering and that no one else has to go through this again.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Pretrial detainees and convicted prisoners look to different constitutional provisions for respective rights to basic needs such as medical care and safety. *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir.1996). Plaintiff appears to have been a pretrial detainee at the time of the incident forming the basis of this suit. The constitutional rights of a pretrial detainee flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *Id.*

In addition, the Fifth Circuit has distinguished between civil rights cases involving conditions of confinement and a jail official's episodic acts or omissions. *Hare v. City of Corinth,* 74 F.3d 633 (5th Cir.1996). General condition cases have been described as those cases

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

where a detainee challenges, for instance, the number of bunks per cell or the absence of some privilege. *Scott v. Moore,* 114 F.3d 51, 53 (5 th Cir.1997) (citations omitted). In contrast, episodic act or omission cases contain claims by detainees of particular harms resulting from particular acts or omissions by one or more officials. *Id.*

An "episodic act or omission" case, complains of a particular act or omission of one or more officials, and it focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645. A detainee who complains that an "episodic act or omission" resulted in an unconstitutional violation of a his Fourteenth Amendment rights is required to show that the official's action constituted "deliberate indifference." *Hare,* 74 F.3d at 647-48.

To state a claim of deliberate indifference, a pretrial detainee must allege facts showing that a state official knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan,* 511 U.S. at 837; *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir.2001). Deliberate indifference is more than mere negligence. *Id*. In applying this standard, the court may only impose liability when it finds that the defendant(s) actually knew of the substantial risk of unreasonable harm and acted or failed to act in such a way that caused the detainee that harm, because negligence, whether simple or gross, does not amount to punishment and therefore does not violate the detainee's Fourteenth Amendment right. *Hare,* 74 F.3d at 646.

Accepting the truth of plaintiff's allegations, as the Court must at this stage of the proceeding, plaintiff has alleged a single incident and has not alleged any fact showing personal involvement by any one or more of the named defendants or even that any one or more of the defendants knew of the incident at the time it occurred. Plaintiff has clearly failed to allege facts indicating any of the defendants knew of and disregarded an excessive risk to his health or

safety. *Farmer v. Brennan,* 511 U.S. at 837; *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir.2001).

Thus, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff CHARLES L. HESS be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 12th day of February 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this**

**recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).